IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINFRED WITHERSPOON, #325747 | * | |
| v. | * | CIVIL ACTION NO. JFM-09-1593 |
| MRS. BOOTH, PSYCH. ASSOC. | * | |
| JEREMY SOWERS | | |
| SHERRY HAFERKAMP | * | |
| STATE OF MARYLAND | | |
| | *** | |

MEMORANDUM

Winfred Witherspoon ("Witherspoon") is a former North Branch Correctional Institution ("NBCI") inmate. On June 17, 2009, the court received for filing Witherspoon's 42 U.S.C. § 1983 civil rights action for damages and injunctive relief,[1] alleging that he is in imminent danger of serious harm because he was denied his right to participate in a psychiatric program on or about May 20, 2009. Paper No. 1. Witherspoon amended his complaint to allege that defendants retaliated against him for filing previous lawsuits by making a false statement that he did not "fit the criteria for the psychiatric program available at NBCI known as the Behavioral Management Program ("BMP") . Paper No. 17.

On December 18, 2009, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. Paper No. 22. On April 30 and May 3, 2010, plaintiff filed opposition responses.[2] Paper Nos. 30 & 31. After review, the court finds that an oral hearing is not necessary to

---

[1] Witherspoon seeks injunctive relief in the form of psychiatric services and administrative remedy procedure access. Paper No. 1. Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner). Plaintiff is no longer housed in the Division of Correction and subject to the conditions about which he complains. Under such circumstances, the claims for injunctive relief shall be dismissed.

[2] Plaintiff's oppositions are duplicate documents.

the disposition of this case. *See* Local Rule 105.6. (D. Md. 2009). For reasons to follow defendants' motion, treated as a motion for summary judgment, shall be granted.

Fed. R. Civ. P. 56(c)(2) provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosures materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing

that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Witherspoon claims that he was not provided adequate psychiatric care because he was denied admission to the BMP at NBCI. While sentenced to confinement, he was entitled to receive reasonable treatment for his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995).

An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *See Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. As previously noted, even if the inmate

3

shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

Defendants argue that they are entitled to judgment in their favor as a matter of law. Witherspoon's records show that he has been evaluated for placement in the BMP[3] on a number of occasions. In 2007, he was admitted to the BMP program,[4] but later opted out in April of 2008, after refusing to attend BMP "levels" meetings throughout 2007 and from January through March of 2008. In February of 2009, the Admission, Review, and Discharge ("ARD") committee determined that he did not meet the criteria for placement in the BMP based upon his previous lack of cooperation.[5] Witherspoon requested that the decision be reviewed and in May of 2009, the committee reevaluated his placement and concluded that he had demonstrated "sufficient motivation" to be screened for BMP placement.

When the ARD committee reached the psychological screening portion of the evaluation, however, it determined that the newly-designated Special Needs Unit ("SNU"), which is designed to provide a particularized environment for inmates with serious mental illness, would better meet his needs. The rationale for this decision related to Witherspoon's primary request for mental health treatment. Chief Psychologist James K. Holwager affirms that Witherspoon was diagnosed with a

---

[3] According to Defendants, the BMP is based on the cognitive behavioral management or Quality of Life program model. The Division of Correction may assign an inmate to the BMP who is determined to be involved in or associated with the potential for violent behavior that threatens the safety of others or good order of a facility.

[4] At that time there was no Special Needs Unit ("SNU") to address mental health issues.

[5] Documents show that Witherspoon did not meet BMP admission criteria because he was not considered treatment ready. For example, as already indicated he refused to attend the monthly treatment meetings required under the BMP. He does not refute this record.

depression disorder. SNU is a mental health-base program, while BMP is behavior based. Therefore, the committee believed that SNU would provide more mental health services to better treat Witherspoon.

Witherspoon agreed to SNU placement and entered the program in June of 2009. While in SNU he participated in an ongoing Anger Management group and was routinely seen by mental health staff. Defendants affirm that in making recommendations to the committee they did not submit false statements or retaliate against Witherspoon for his federal filings. They assert that at no time was Witherspoon denied mental health care and the record shows that he received one-on-one evaluations by mental health professionals and psycho-educational group counseling on a weekly basis until his release from confinement.

In his opposition plaintiff claims that defendants violated his established constitutional rights by denying him participation in a psychiatric program and finding that he did not meet the criteria for the BMP. He argues that evidence establishes that psychology staff at NBCI are not capable of treating his mental health condition and that while housed on the SNU he was not seen on a regular basis. He asserts that he suffers from depression/bipolar disorder and was denied mental health services on two occasions in February and May in 2009. Through affidavit of other inmates, he seemingly argues that inmates are denied placement in the BMP due to staff falsification of reports.

The materials show that NBCI psychology staff were responsive to Witherspoon's requests for treatment.[6] While confined at NBCI, he was assigned to the SNU to receive particularized care

---

[6] Defendants' counsel asserts that Witherspoon failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e, but provides no record or formal argument in support of this affirmative defense. It is unclear whether Witherspoon's compliance with § 1997e is actually at issue. In any event, the court has decided to address Witherspoon's claims on the merits.

for mental health issues. He was provided repeated individual therapy for anxiety and depression and was prescribed Celexa in 2008 and Prozac in 2009 with good results.[7] The record demonstrates that Witherspoon's sick-call complaints regarding psychotropic medication, enhanced bouts of depression and anxiety, and inadequate psychiatric care were responded to by mental health care staff. In January of 2009, he was placed on suicide precaution when he was observed with a string (unconnected) around his neck. Mental health staff, however, found that his mood was euthymic (stable), he was oriented in all spheres, and he displayed no symptoms of depression or suicidal/homicidal ideation.

Witherspoon's medical record is unexceptional with regard to psychological issues. While he was diagnosed with a depressive disorder, he has been prescribed medication for it and he has not otherwise exhibited serious psychological symptoms. Nonetheless, he was seen by psychology staff on a repeated basis. He has at best articulated his disagreement with the refusal to place him in the BMP and the intensity of his counseling sessions on SNU. There is no showing, however, that the denial of his enrollment in the BMP caused him harm. Rather, his alternative placement on SNU undoubtedly afforded him more intensive treatment for his mental health issues. His complaint for damages is without merit. A separate Order reflecting the rulings entered in this opinion shall be entered.

Date: May 6, 2010　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　J. Frederick Motz
　　　　　　　　　　　　　　　　　United States District Judge

---

[7]　　Celexa and Prozac are anti-depressant medications.